THE PEOPLE *ex rel.* J. M. Graham, State's Attorney,

*v.*

S. M. INGLIS, Superintendent of Public Instruction, *et al.*

*Filed at Springfield May 12, 1896.*

1. OFFICERS—*appointment of, by Governor, before law creating office takes effect.* The appointment of officers (normal school trustees) by the Governor is not invalid if made before the act creating the offices goes into effect, but after it has been approved and signed by the Governor, where the constitution provides that on such approval and signing the act shall "thereupon" become a law.

2. CONSTITUTIONAL LAW—*act making Superintendent of Public Instruction ex officio trustee of normal school is valid.* A statute making the Superintendent of Public Instruction *ex officio* a trustee of a normal school merely enlarges the duties of his office, and does not violate section 5, article 5, of the constitution, making him ineligible to any other office.

3. NORMAL SCHOOLS—*effect of provision that no two trustees shall reside in one county.* The proviso that no two members of the board of trustees of the Eastern Illinois State Normal School, created by the act of May 22, 1895, (Laws of 1895, p. 63,) shall be residents of any one county, does not have any application to the Superintendent of Public Instruction, who is an *ex officio* member of the board.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

This was a petition in the circuit court of Sangamon county for leave to file an information in the nature of a *quo warranto*, to inquire by what right A. J. Barr, C. L. Pleasants, M. P. Rice, M. J. Walsh, F. M. Youngblood and Samuel M. Inglis exercise the powers and perform the duties of trustees of the Eastern Illinois State Normal School. It is alleged in the petition that an act was passed by the General Assembly of the State of Illinois and approved by the Governor on the 22d day of May, 1895, to establish and maintain the Eastern Illinois State Normal School, making the same a corporation by that name, and providing for the appointment by the Governor, by and with the advice of the Senate, of not more

than five trustees, who should be invested with all the powers and by whom should be performed all the duties of such corporation, and who should be residents of the State of Illinois, outside of the territory within which the school was to be located, and providing that no two members of the board should be residents of any one county, and that the Superintendent of Public Instruction should be a trustee of said school, *ex officio.* It is also alleged that on the 5th day of June, 1895, and before the act took effect, the Governor nominated and the Senate confirmed A. J. Barr, C. L. Pleasants, M. P. Rice, M. J. Walsh and F. M. Youngblood trustees of the Eastern Illinois State Normal School; that such nomination and confirmation of said persons as trustees before the act took effect and was in force, and before there was any office of trustee of the Eastern Illinois State Normal School to which they could be appointed, were and are null and void and of no effect, yet the said Barr, Pleasants, Rice, Walsh and Youngblood, on the 27th day of July, 1895, and on the 5th, 6th and 7th days of September, 1895, usurped and intruded into said office of trustee at and in said county, and from thence and hitherto have usurped and intruded into said office and still do hold and execute the same, without right or authority of law so to do; that Samuel M. Inglis, Superintendent of Public Instruction in said State, claiming to be a trustee of said Eastern Illinois State Normal School, *ex officio*, by authority of said act did unlawfully, at the same time and place and in the same manner, intrude into said office of trustee, and still holds and executes said office, without right, title or authority so to do, his appointment or election having been made by the General Assembly contrary to the constitution, and he also being ineligible to said office of trustee during the time for which he was and is elected Superintendent of Public Instruction.

The information filed by the State's attorney of Sangamon county under leave of court granted, charged that

on the 27th day of July, 1895, and on the 5th, 6th and 7th days of September, 1895, Samuel M. Inglis, A. J. Barr, C. L. Pleasants, M. P. Rice, M. J. Walsh and F. M. Young-blood, respectively, did unlawfully usurp and intrude into, and hitherto have continued and do now unlawfully usurp and intrude into and hold, the office of trustees of the Eastern Illinois State Normal School, a corporation created by authority of the State of Illinois, without any right or authority of law, and contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

Plea or answer was filed by F. M. Youngblood, M. J. Walsh, C. L. Pleasants, M. P. Rice and A. J. Barr, in which they alleged that they and each of them are citizens of the United States and of the State of Illinois, and were at the time of their appointment as trustees; that they and each of them reside outside of the territory within which it is provided by statute the Eastern Illinois State Normal School is to be erected, and no two of them reside in the same county or senatorial district; that after the passage of said act the Governor of said State nominated the five above named defendants as trustees of said institution, and sent such nomination and appointment to the Senate of said State on June 5, 1895, the Senate being then and there in session; that the Senate, by a vote of a majority of the members elected, confirmed said nomination and appointment, and thereupon the Governor issued and delivered, on June 5, 1895, a commission to each of said defendants as a trustee of said Eastern Illinois State Normal School; that thereupon each of said defendants did then and there take and subscribe the oath of office provided by the constitution of the State, and thereupon, on the first day of July, 1895, took upon themselves the performance of the duties of trustees of said Eastern Illinois State Normal School, and, so being such trustees by said appointment and confirmation, they have used and exercised, during all the

time in said information mentioned, the duties of such trustees, etc.

In the plea of Samuel M. Inglis he set up that he was, and had been for many years, a citizen and resident of the State; that at the general election on November 6, 1894, he was elected Superintendent of Public Instruction; that on January 10, 1895, he qualified and entered upon the discharge of the duties of the office, and, so being such superintendent, has used and exercised, during all the time mentioned in said information, the duties of trustee of said Eastern Illinois State Normal School, and has used and enjoyed the liberties, privileges and franchises thereto belonging, as he lawfully might and lawfully may, etc.

A demurrer was interposed to the pleas, which the court overruled, and the State's attorney electing to stand by the demurrer, the court entered judgment that the writ be quashed, to reverse which judgment this writ of error was sued out.

ANTHONY THORNTON, JAMES W. PATTON, and JAMES F. HUGHES, for plaintiff in error:

That the act had no effect, conferred no rights and imposed no duties until the first day of July, 1895, seems to be beyond reasonable doubt or controversy, both by the plain reading of the constitution and by the decisions of the courts.    *Mix* v. *Vail*, 83 Ill. 44; *Supervisors* v. *Keady*, 34 id. 293; *Rice* v. *Ruddiman*, 10 Mich. 135; *Price* v. *Hopkins*, 13 id. 326; *Clark* v. *Janesville*, 10 Wis. 144; *In re Appropriation Bill*, 16 Col. 539; *Water Co* v. *Kron*, 74 Cal. 222; *Conley* v. *Calhoun County*, 2 W. Va. 419.

Until the law took effect creating the office of trustee there could be no valid appointment, for there was no office to fill.    Where there is no office to fill there can be no officer, either *de facto* or *de jure. Norton* v. *Shelby County*, 118 U. S. 441; *Town of Deborah* v. *Bullis*, 25 Iowa, 12.

Where the act creating a new county provided it should not take effect until a future day, (and our constitutional provision has that effect,) an appointment by the executive of the commonwealth to an office in the county before such day was adjudged void. 23 Am. & Eng. Ency. of Law, 218.

The decisions of the courts are, that "upon the passage," or "before the passage," or "after the passage," has reference to the time when the act goes into effect. 23 Am. & Eng. Ency. of Law, 218, notes 1, 2; *Harding* v. *People*, 10 Col. 387; *Charles* v. *Lamberson*, 1 Iowa, 433; *Johnson* v. *Fay*, 16 Gray, 144.

The constitution prohibits the legislature from appointing to office. (Art. 5, sec. 10.) The use of the words "Superintendent of Public Instruction," in the act, is but a method of designating the individual occupying that office as the appointee. It is well settled that making a person an *ex officio* officer, by virtue of his holding another office, does not merge the two into one. 7 Am. & Eng. Ency. of Law, 484, note 7.

It should be understood that where both the constitution and the act use the words "Superintendent of Public Instruction," reference is made to the individual occupying that office. *People* v. *Morgan*, 90 Ill. 568.

M. T. MOLONEY, Attorney General, for defendants in error:

When the act creating the Eastern Illinois State Normal School passed both houses of the legislature and was signed by the Governor it thereupon became a law, and the office of trustee was then and there created. Const. 1870, art. 5, sec. 16.

The moment the act became a law creating the office of trustee, though the duties of such trustee were to commence in the future, the Governor had the authority to appoint such trustee, not by virtue of the act, but by virtue of the express power given him by the constitu-

tion. Const. 1870, art. 5, sec. 10; *Clark* v. *Irwin*, 5 Nev. 111; *State* v. *McCollister*, 11 Ohio, 50; *Whitney* v. *VanBuskirk*, 40 N. J. L. 467; *Marshall* v. *Harwood*, 5 Md. 431.

Imposing upon the Superintendent of Public Instruction the duties of trustee of this normal school is entirely consistent with the nature of his office, with all past legislation and with the decisions of this court, and is not creating a new office. *People* v. *Leet*, 13 Ill. 261; *Wood* v. *Cook*, 31 id. 271; *Kilgour* v. *People*, 76 id. 548; *Broadwell* v. *People*, id. 554; *Hughes* v. *People*, 82 id. 78; *People* v. *Nelson*, 133 id. 565; *Kilgour* v. *Drainage Comrs.* 111 id. 342; *Owners of Lands* v. *People*, 113 id. 296; *Huston* v. *Clark*, 112 id. 344; *Steele* v. *Judges Common Pleas*, 21 Ohio St. 1.

H. A. NEAL, F. K. DUNN, T. J. SCOFIELD, and M. L. NEWELL, (of counsel,) also for defendant in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the act in question was passed by the legislature on the 22d day of May, 1895, and on the same day the act was approved by the Governor. Section 13 of article 4 of the constitution provides: "No act of the General Assembly shall take effect until the first day of July next after its passage, unless, in case of emergency, (which emergency shall be expressed in the preamble or body of the act,) the General Assembly shall, by a vote of two-thirds of all the members elected to each house, otherwise direct." The Governor, in the selection of trustees, did not wait until the first day of July, but on the fifth day of June, 1895, he appointed, and the Senate confirmed, Barr, Pleasants, Rice, Walsh and Youngblood as trustees of the Eastern Illinois State Normal School, and they were on the same day commissioned by the Governor as such trustees, and it is contended, first, that the appointment of the five trustees before the act went into effect is invalid ; second, that the appoint-

ment of S. M. Inglis is void because the office of trustee
is a distinct office from that of Superintendent of Public
Instruction, and the constitution prohibits the superin-
tendent from holding any other office while he. holds the
office of superintendent; third, that the pleas are bad in
failing to state that no two members of the board reside
in any one county or senatorial district.

In regard to the point first relied upon, if there was
no other provision of the constitution bearing on the
question except section 13 of article 4, *supra*, there might
be much force in the position of plaintiff in error; but
upon an examination of the constitution it will be found
that other provisions have a controlling effect on the
question involved. Section 16, article 5, of the constitu-
tion, declares: "Every bill passed by the General Assem-
bly shall, before it becomes a law, be presented to the
Governor. If he approve, he shall sign it, and thereupon
it shall become a law." Webster defines the word "there-
upon" as follows: "immediately, at once, without delay."
Under this clause of the constitution an act of the legis-
lature becomes a law immediately upon receiving the ap-
proval of the Governor. It does not go into effect until
the first day of July after its passage, but it is neverthe-
less a law after it receives the approval of the Governor.
The existence of a law and the time when it shall take
effect are two separate and distinct things. The law ex-
ists from the date of approval, but its operation is post-
poned to a future day. Suppose the legislature, at its
session in 1895, had passed an act providing that after
the first day of January, 1896, the rate of interest should
be eight per cent per annum on all money loaned; it
could not be said that the law did not exist until the first
day of January, 1896, but, on the other hand, it is plain
that the law would owe its existence to the date of its
approval, but would not go into effect until a future day.

Section 10, article 5, of the constitution, provides:
"The Governor shall nominate, and by and with the ad-

vice and consent of the Senate  *  *  *  appoint, all
officers whose offices are established by this constitution
or which may be appointed by law and whose appoint-
ment or election is not otherwise provided for, and no
such officer shall be appointed or elected by the General
Assembly." This confers the appointing power on the
Governor, and when the office was created by the legis-
lature by the passage of an act which received the
approval of the executive, then the Governor was au-
thorized to appoint the trustees, although the act did
not take effect until the first day of July after its pas-
sage. The trustees, however, could do nothing to carry
out the provisions of the act until the law took effect.

Section 5, of article 5, of the constitution, provides
that the Superintendent of Public Instruction "shall not
be eligible to any other office during the period for which
he shall have been elected;" but, as has been seen, the
act in question provides that the Superintendent of Pub-
lic Instruction shall be a trustee of said school, *ex officio*,
and it is contended that under the constitution Inglis,
superintendent, is not eligible to act as a trustee. The
constitution provides for the election of Superintendent
of Public Instruction, but it does not define the duties of
that officer, except to provide that he shall reside at the
capital of the State and make an annual report to the
Governor, and that he shall perform such duties as
might be provided by law. (Art. 5, secs. 1, 21.) The duties
of this officer are to be found in the acts of the legis-
lature which have been passed from time to time since
the constitution of 1870 was adopted. As the duties of
this officer are imposed by the legislature, may not the
legislature provide that one of his duties shall be to act
as trustee of the Eastern Illinois Normal School? We
perceive no reason why that duty may not be imposed
upon him.

But the argument is that a trustee of a State insti-
tution holds an office; that the superintendent cannot,

under the constitution, hold any other office, and therefore he cannot hold the office of trustee of the normal school. The difficulty with the position is, that the superintendent has not been appointed to nor does he hold another office. He was not appointed trustee by the Governor, nor by any other appointing power, if any such exists. The legislature, in framing the law, merely made the superintendent a trustee of the school, *ex officio.* In other words, the legislature, as it had a right to do, merely enlarged the duties of his office. It is a common thing for the legislature to impose additional duties on an officer, and when that has been done it was never supposed that the officer who was clothed with new duties had been appointed to another office. In *Kilgour* v. *Drainage Comrs.* 111 Ill. 342, where the Drainage act provided that the commissioners of highways of a town shall be drainage commissioners, it was contended that the act created a new office, but it was held otherwise. It is there said (p. 350): "Numerous instances might be referred to in which the legislature has imposed new duties upon officers already elected, where the duties of such officers are not fixed by the constitution, and the constitutionality of such enactments would seem to be unquestionable. Imposing, by law, new duties upon officers merely statutory, already chosen, is by no means the appointment or selection of such officers by the legislative department."

Section 4, chapter 122, of Hurd's Statutes of 1889, imposes the following among other duties on the Superintendent of Public Instruction: "Sixteenth, to be *ex officio* a member of the board of trustees of the University of Illinois and of the Southern Normal University. Seventeenth, to be *ex officio* a member of the board of education of the State of Illinois, and to act as secretary thereof." The right of the superintendent to act on these boards has never, so far as we are advised, been called in ques-

tion, and if the legislature had the power to impose the duty in the one case it has in the other.

As to the third question relied upon but little need be said.  It is expressly averred in the pleas that no two of the trustees appointed by the Governor reside in the same county or senatorial district, but it is contended that if the Superintendent of Public Instruction is a member of the board of trustees the pleas should aver that he did not reside in the same county or senatorial district with either of the other trustees.  Upon an inspection of the act it will be found that the proviso, "that no two members of said board shall be residents of any one county or in one senatorial district," refers merely to the board to be appointed, and has no reference whatever to the Superintendent of Public Instruction.

Finding no error in the judgment it will be affirmed.

*Judgment affirmed.*