COMMONWEALTH *vs.* THOMAS COLTON.

Suffolk.    February 6, 1956. — February 29, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Firearms.*

A gun coming within the definition of a machine gun in G. L. (Ter. Ed.) c. 140, § 121, as amended, did not lose its character as such merely because there was no clip or magazine with it or in the possession of a person charged with unlawfully possessing it.

INDICTMENT, found and returned on March 10, 1954.

The case was heard in the Superior Court by *Brogna,* J., without jury.

*Francis J. Monahan,* for the defendant.

*George E. McGunigle,* Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J.   The defendant was indicted for possession, without permission, on January 9, 1953, of a machine gun as defined in G. L. (Ter. Ed.) c. 140, § 121.   At the close of the trial, had without a jury, the judge denied the defendant's motion for a finding of not guilty, and the defendant duly excepted.   There was no error.   We do not agree with the defendant's contention that the gun in question was not a machine gun because there was no clip or magazine with it or in the defendant's possession.   The case is controlled by *Commonwealth* v. *Bartholomew,* 326 Mass. 218, where we held that the absence of a firing pin did not cause the weapon to lose its character as a machine gun.   See *Commonwealth* v. *Grab,* 54 D. & C. (Pa.) 233; *People* v. *Tardibuono,* 174 Misc. (N. Y.) 305, 306.   By the statute a machine gun is "Any gun of small arm calibre designed for rapid fire and operated by a mechanism, or any gun which operates automatically after the first shot has been fired, either by gas action or recoil action . . . ."   An expert testi-

fied that the subject gun was of this description and that when test fired it was in perfect operating condition, and that "the magazine or clip was a vital and characteristic part of this sub-machine gun for purpose of automatic, rapid and successive firing, that without the said magazine or clip it was incapable of firing more than one shot without reloading." Obviously the state of the gun when found was such that the insertion of bullets in the usual way, held in a feeding clip or magazine, would make it an operable automatic weapon. The absence of the clip did not cause it to lose its character as a machine gun any more than absence of a bullet would destroy the character of a rifle. It was not necessary, as the defendant contends, for the Commonwealth to introduce evidence that "there existed an easy facility or means to procure a magazine or a substitute or ready to hand replacement or simple adjustment." Not even a "slight repair, replacement, or adjustment" (*Commonwealth v. Bartholomew*, 326 Mass. 218, 220) was necessary to make this gun an effective weapon.

*Exceptions overruled.*