(No. 42354.—)

CLARON N. WHITE *et al.,* Appellants, *vs.* EDWARD J. BARRETT, County Clerk, *et al.,* Appellees.

*Opinion filed March 24, 1970.—Rehearing denied May 26, 1970.*

CLARON N. WHITE, of Chicago, for appellants.

JOHN A. HAAS, of Mt. Prospect, (DAVID S. KRAUSE, of counsel,) for appellee Prospect Heights Public Library District.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of the Civil Division, and FRANCIS BARTH, Assistant State's Attorney, of counsel,) for appellees Edward J. Barrett and Edmund J. Kucharski.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is a direct appeal from the circuit court of Cook County. A question of revenue is involved. The facts are not in dispute. Plaintiffs, Claron N. and Mary F. White are the owners of certain realty located within the village of Arlington Heights. Prior to January 1, 1968, taxpayers' property was in the territory of and was taxed by the Prospect Heights Public Library District and was also in the village of Arlington Heights and was being taxed for the benefit of the Arlington Heights Memorial Library.

Plaintiffs brought this class action suit for a writ of *mandamus* or alternatively for a declaratory judgment and writs of injunction with respect to the continued extension of taxes of the Prospect Heights Public Library District for 1968 and thereafter against the real estate of plaintiffs and other taxpayers similarly situated. It was plaintiffs' contention that House Bill 99 (Laws of 1967, p. 288), passed by the 75th General Assembly, was enacted to provide for disconnection of library districts by operation of law, with certain exceptions which are not applicable here, and that his property was thereby disconnected from the Prospect Heights Public Library District.

The defendants, Edward J. Barrett, county clerk of Cook County, Edmund J. Kucharski, county treasurer and the Prospect Heights Public Library District filed motions to dismiss contending that this Act was repealed by House Bill 510 (Laws of 1967, p. 1684), passed by that same session of the legislature; that under this latter Act, a different procedure for disconnection had been authorized, which had not been complied with; and, plaintiffs' complaint was insufficient in law to state a cause of action. After arguments the circuit court sustained the motions to dismiss.

On April 19, 1967, House Bill 99 was signed into law by the Governor. It added section 12a to the Public Library Districts Act of 1957, as amended, (Ill. Rev. Stat. 1965, ch. 81, pars. 27.16 *et seq.*) which provided as follows:

"§ 12a. Any territory within a public library district that is or has been annexed to a city, village or incorporated town that maintains a public library is, by operation of law, disconnected from the public library district as of the January first after such territory is annexed to the city, village or incorporated town, or in case any such territory has been so annexed prior to the effective date of this amendatory Act of 1967, as of January 1, 1968. * * *" Laws of 1967, pp. 288, 289; Ill. Rev. Stat. 1967, ch. 81, 27.27a.

On July 17, 1967, an entirely new library district act, "The Illinois Public Library District Act", House Bill 510, was signed into law. (Ill. Rev. Stat. 1967, ch. 81, pars. 1001—1 *et seq.*) Article 8 of that Act contains a repeal provision, wherein it is provided:

"§ 8—1. The following is repealed: 'An Act in relation to the creation of public library districts', approved May 16, 1957, *as amended.* [Emphasis added.]

'§ 8—2. Repeal of the aforesaid Act shall not abrogate any referendum held thereunder, but such shall be given full effect as if conducted under this Act. Nor shall the said repeal abrogate any bonds issued pursuant to the provisions of the said repealed law, but such bonds shall continue to be deemed as a valid bond issue and legally binding upon the district having sold the said bonds, and such district may continue to levy the taxes necessary and sufficient to pay the principal of and interest upon said bonds pursuant to the provisions of this Act."

In addition section 2—9 of this new Act (Ill. Rev. Stat. 1967, ch. 81, par. 1002—9) provided a new procedure for disconnection from a library district; *i.e.*, by submitting the question to the voters residing in the territory sought to be disconnected after compliance with certain requirements. Plaintiffs admit that the requirements for dis-

connection under this new statute have not been met.

The only question presented on this review is whether the repeal provisions of House Bill 510 effectively repealed House Bill 99, passed earlier during the same session of the legislature.

It is plaintiffs' contention that section 12a (Laws of 1967, p. 288) was not effective until January 1, 1968, and therefore could not have been repealed by House Bill 510. Section 13 of article IV of the constitution (Ill. Const., art. IV, sec. 13) provides in part: "And no act of the general assembly shall take effect until the first day of July next after its passage, unless, in case of emergency * * *." Section 16 of article V further provides: "Every bill passed by the General Assembly shall, before it becomes a law, be presented to the Governor. If he approves, he shall sign it, and thereupon it shall become a law * * *." (Ill. Const., art. V, sec. 16.) Our court has construed these sections as meaning that "an act of the legislature becomes law immediately upon receiving the approval of the Governor. It does not go into effect until the first day of July after its passage, but it is nevertheless a law after it receives the approval of the Governor. The existence of a law and the time when it shall take effect are two separate and distinct things. The law exists from the date of approval, but its operation is postponed to a future date." (*People ex rel. Graham* v. *Inglis,* 161 Ill. 256, 262; *Board of Education* v. *Morgan,* 316 Ill. 143, 151; *Smith* v. *Thomas,* 317 Ill. 150, 156.) Accordingly, on this basis, House Bill 99 became law on April 19, 1967, and was appropriately part of the Public Library District Act of 1957. Therefore, when House Bill 510 was approved by the Governor on July 17, 1967, the repeal provisions of that Act repealing " 'An Act in relation to the creation of public library districts', approved May 16, 1957, as amended" (Ill. Rev. Stat. 1967, ch. 81, par. 1008— 1) likewise repealed House Bill 99.

Plaintiffs argue, however, that the holdings of the *Inglis, Morgan* and *Smith* cases were effectively overruled by this court's decision in *People* v. *Wascher,* 349 Ill. 114. Analysis of the *Inglis* opinion indicates that the construction placed on our constitution focused on an interpretation of the word "thereupon" found in section 16 of article V of the constitution. The court therein interpreted it as being an adverb of time. In *Wascher,* the court had before it the question of the proper construction of a statute dealing with the issuance of a *scire facias* upon bond default. The court there held in interpreting the word "thereupon" as used in the statute, that it was not used an an adverb of time but rather as a condition precedent. However, it is evident from the ruling in that case, that the court was there seeking to discern the legislative intent behind the enactment, and appropriately found the word "thereupon" was used as a condition precedent. We find no inconsistence between these authorities.

It is noteworthy, that in explaining its holding, the court in *Inglis* presented the following example: "Suppose the legislature, at its session in 1895, had passed an act providing that after the first day of January 1896, the rate of interest should be eight per cent per annum on all money loaned; it could not be said that the law did not exist until the first day of January, 1896, but, on the other hand, it is plain that the law would owe its existence to the date of its approval, but would not go into effect until a future day." (161 Ill. at 262.) We find this reasoning particularly persuasive. House Bill 99 was signed by the Governor on April 19, 1970. On that date, this bill became a law in our State and part of the Public Library Districts Act of 1957, although the application of this section was extended to a later date. Therefore, when House Bill 510 was approved, repealing "'An Act in relation to the creation of public library districts,' approved May 16, 1957, *as amended*" (emphasis

added; Ill. Rev. Stat. 1967, ch. 81, 1008—1), it repealed the former Act including any approved addition made prior thereto even during that same session of the legislature. *Cf. Buchsbaum & Co. v. Gordon,* 389 Ill. 493, 500.

Furthermore, the legislature deemed appropriate only certain saving legislation in relation to the prior Library Districts Act, none of which encompassed the provisions of section 12a. And, under common-law principles of *expressio unius est exclusio alterius,* (the expression of one thing is the exclusion of the other) no further exceptions may be read into the Act. *People* v. *Deep Rock Oil Corp.,* 343 Ill. 388, 401.

Because we hold that House Bill 99 was expressly repealed by House Bill 510 it is unnecessary for us to consider plaintiffs' other arguments.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*