THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS GANGLOFF, Defendant-Appellant.

Third District No. 75-80

Opinion filed March 16, 1976.

Charles R. McGuire, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Thomas Gangloff, pled guilty to two counts of unlawful delivery of less than 30 grams of a controlled substance in the circuit court of Peoria County. Defendant was placed on probation for a period of five years with respect to one count. On the other count, defendant was sentenced to the Department of Corrections for a term of imprisonment of not less than one nor more than ten years. Defendant's appeal is predicated upon the conviction and sentence entered in this latter count.

Defendant contends that the trial court abused its discretion in sentencing him to a term in the penitentiary and denying probation as it did with respect to one of the counts.

■■■ In the instant case, defendant pled guilty to the offense of

unlawful delivery of a controlled substance, a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b).) Under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3)), the maximum term for a Class 2 felony "shall be any term in excess of one year not exceeding 20 years." Ordinarily, the minimum term for a Class 2 felony is one year. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) The sentence therefore imposed upon defendant was the minimum provided by statute. As stated by this court in *People v. Cather,* 21 Ill. App. 3d 36, 313 N.E.2d 533, and reiterated in *People v. Baker,* 33 Ill. App. 3d 898, 900, 338 N.E.2d 565:

> "We believe it unnecessary to discuss the facts presented at the probation and sentencing hearing at any length. Since *People ex rel. Ward v. Moran,* 54 Ill. 2d 552, 301 N.E.2d 300, the decision of whether probation should or should not be granted has been committed to the discretion of the trial court. Where this determination involves the alternatives of rehabilitation pursuant to probation or incarceration because of the seriousness of the offense the trial court is vested with the discretion to determine that the nature of the offense requires incarceration. Where the incarceration imposed is a minimum sentence this court is not in a position to review the discretion exercised by the trial court."

Accord, *People v. Bolyard,* 61 Ill. 2d 583, 338 N.E.2d 168.

We hold therefore that the trial court did not abuse its discretion in denying probation and sentencing defendant to the minimum term of imprisonment for the offense of unlawful delivery of a controlled substance.

For the reasons stated, the judgment and sentence of the circuit court of Peoria County is affirmed.

Judgment and sentence affirmed.

STENGEL and BARRY, JJ., concur.