THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID LEE MOORE, Defendant-Appellant.

Third District    No. 76-4

Opinion filed August 20, 1976.

Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island (David Ketter, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (Robert Hansen and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

As a result of plea negotiations defendant, David Lee Moore, pled guilty to unlawful delivery of a controlled substance (heroin) in violation of section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)). The court sentenced defendant to a term of imprisonment of not less than 1 nor more than 7 years and imposed a $1,000 fine.

Defendant has taken this appeal and has presented two issues for review: (1) whether the trial court abused its discretion in imposing a prison sentence and denying defendant's request for probation or for periodic imprisonment; (2) whether the trial court erred in imposing a $1,000 fine upon defendant in addition to the prison sentence.

The sentence imposed was in all respects within the range authorized for the Class 2 felony to which defendant pled guilty. The trial court has wide discretion in deciding the sentence to be imposed in a particular case. An exercise of this discretion will not be presumed to be arbitrary or an abuse where it falls within the permissible range authorized by statute. (See *People ex rel. Ward v. Moran*, 54 Ill. 2d 552, 301 N.E.2d 300 (1973); *People v. Gangloff*, 36 Ill. App. 3d 513, 343 N.E.2d 926 (1976).) The record indicates the trial court heard a substantial amount of evidence at the sentencing hearing, including a lengthy history of defendant's good and bad drug oriented activity. Without restating in detail all of that evidence in this opinion, we hold the evidence supports the trial court's sentence determination. We find no abuse of discretion by the trial court nor do we view the sentence imposed as excessive. (*People v. Burbank*, 53 Ill. 2d 261, 291 N.E.2d 161 (1972); *People v. Thomas*, 38 Ill. App. 3d 689, 348 N.E.2d 285 (1976).) The trial court is in a much better position after trial and the sentencing hearing to make a sound determination as to the punishment to be imposed than are courts of review. *People v. Sprinkle*, 56 Ill. 2d 257, 307 N.E.2d 161 (1972).

Because of the view we take of the issues raised we need not decide whether under *People ex rel. Ward v. Moran* and *People v. Bolyard*, 61 Ill. 2d 583, 338 N.E.2d 168 (1975), the appellate court could reduce this sentence to a term of probation or in the alternative to periodic imprisonment.

Defendant relies upon *People v. Eggers*, 27 Ill. 2d 85, 188 N.E.2d 30 (1963), and *People v. Gustavson*, 131 Ill. App. 2d 887, 269 N.E.2d 517 (1971), to support his contention that the $1,000 fine was not justified in addition to the prison term. Those cases are clearly distinguishable and

inapplicable to the instant case. The $1,000 fine, here, was authorized by section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—9—1) in addition to the prison term. Section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)) authorizes a fine up to $25,000 while section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3) does not sanction a fine to be imposed without some other sentence. It appears the trial judge found that a minimum possibility of imprisonment for this Class 2 felony and a fine was an appropriate penalty for this defendant. Accordingly the Circuit Court of Rock Island County in this cause is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.