THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY THEOBALD, Defendant-Appellant.

Third District   No. 75-334

Opinion filed November 15, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong and Linda Vodar, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a plea of guilty to unlawful use of weapons, defendant was sentenced to one to two years' imprisonment. Defendant appeals, contending that the factual basis for the plea was inadequate and revealed a valid defense to the offense, that he was represented by incompetent counsel, and that the sentence was excessive.

■■ Defendant pleaded guilty on June 9, 1975, to unlawful use of weapons, in violation of section 24—1(a)(7) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)), and, on July 25, 1975, was sentenced. The record shows that defendant did not, within 30 days of the entry of judgment, file a motion to vacate his guilty plea, as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), effective as amended July 1, 1975, and applicable to the instant appeal. However, defendant, who filed notice of appeal the day of the sentencing hearing, was not informed of this requirement by the trial court as required by Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)), nor, apparently, was he advised of this requirement by counsel. In view of these circumstances and in the interest of orderly judicial administration, we have determined to decide defendant's appeal on the merits rather than dismiss the appeal or remand to the trial court so that defendant could move to vacate his plea on the same issues raised in his appeal.

The factual basis for the guilty plea showed that on the date of defendant's arrest, the car in which he was riding was stopped by a police officer for traffic violations. Standing outside the car, the officer observed on the rear floor a gun barrel protruding from under the front seat, and, upon further investigation, discovered in a paper sack a disassembled shotgun having a barrel less than 18 inches in length. Defendant stated that he had purchased the gun that day from acquaintances in East Peoria.

Defendant contends that the factual basis was inadequate to establish the offense of unlawful use of weapons and shows that he had a defense to the charge. Both assertions are premised on the contention that disassembly is a valid defense to this offense.

Article 24 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, art. 24), designated "Deadly Weapons" and appearing as sections 24—1 through 24—6, covers the use, possession, transportation and sale of various weapons. According to section 24—1(a)(7), a person commits an offense when he knowingly:

"(7) Sells, manufactures, purchases, possesses or carries any weapon from which more than 8 shots or bullets may be discharged by a single function of the firing device, any shotgun with a barrel less than 18 inches in length, or any bomb, bomb-shell, grenade, bottle, or other container containing an explosive substance, such as but not limited to, black powder bombs and Molotov cocktails."

To determine the legislative intent as shown by the statutory enactment as a whole, it is helpful by analogy to consider the differing treatment given different weapons. Section 24—2 setting out as specific exemptions the instances where the Act does not apply is especially helpful.

Exemption (c)(4) is the only provision involving "a non-functioning state" which relates to the above-quoted section 24—1(a)(7). It reads:

"Manufacture, transportation, or sale of machine guns to persons authorized under (1) through (3) of this Subsection to possess machine guns, if the machine guns are broken down in a non-functioning state or not immediately accessible."

It is to be noted that exemption (c)(4) covers *only* machine guns from all of the weapons listed in section 24—1(a)(7) and then only "manufacture, transportation, or *sale* * * * to persons authorized under (1) through (3) of this Subsection to possess machine guns."

The carefully limited language used in the enactment of 24—2(c)(4) shows the "non-functioning" exemption applies only to the manufacturer who is transporting machine guns pursuant to an authorized sale.

Fundamental rules of construction require that statutes be construed to give effect to the legislative intention with consideration being given to the entire statutory scheme, its object and purpose. *People v. Myers* (3d Dist. 1976), 36 Ill. App. 3d 458, 343 N.E.2d 613.

■■ When sections 24—1 and 24—2 are thus read together, clearly disassembly is not a defense to the present offense. While paragraph 24—2 exempts certain weapons if those weapons are broken down in a nonfunctioning state, nowhere is this exemption made applicable to shotguns having a barrel less than 18 inches in length. Therefore, the rule of statutory construction of *expressio unius exclusio alterius* controls, and no further exemptions may be read into the statute. *White v. Barrett* (1970), 45 Ill. 2d 206, 258 N.E.2d 334.

■■ The rule that the expression of one thing or one mode of action in an enactment excludes any other even though there be no negative words prohibiting it, has been the settled law of this State since 1852. (See *People ex rel. Nelson v. Wiersema State Bank*, 361 Ill. 75, 85, 197 N.E. 537.) By exempting possession or transportation of certain weapons if those weapons are broken down, the General Assembly clearly intended that possession of other weapons is not exempted from criminal liability

where such weapons are temporarily in a nonfunctioning state. See, *e.g.*, 1971 Ill. Att'y Gen. Op. 84.

We note that a violation of section 24—1(a)(7) as well as section 24—1(a)(9) is a Class 4 felony, whereas violations of the other provisions of section 24—1 constitute a Class A misdemeanor. We believe that this more severe penalty is further indication of the legislative concern for possession of certain weapons, including the weapon involved in the instant appeal, and demonstrates that possession of a sawed-off shotgun is not exempted from criminal liability merely because the weapon is temporarily disassembled. As the court noted in *People v. Stankovich* (1st Dist. 1974), 20 Ill. App. 3d 162, 313 N.E.2d 276, such a weapon is so inherently dangerous to human life that it constitutes a hazard to society, and the weapon is contraband *per se.*

The case relied on by defendant, *People v. Coburn* (1st Dist. 1975), 25 Ill. App. 3d 542, 323 N.E.2d 559, is readily distinguishable. There defendant was in possession of a shotgun stock, and a barrel less than 18 inches in length was found in another part of the basement in which defendant was arrested. In reversing defendant's conviction for unlawful use of weapons, the court noted that there was no evidence showing that the barrel and stock were parts of the same weapon, and, therefore, defendant was shown only to be in possession of a gun stock. Here defendant was found in possession of an entire sawed-off shotgun albeit disassembled.

A sawed-off shotgun does not cease to be such by becoming temporarily dismembered if the parts are laying side by side and may be easily reassembled. In similar situations under firearm statutes, courts of other States have determined that temporary nonfunctioning does not categorize an item as other than a deadly weapon, if an effective weapon may be obtained rapidly merely by: easily assembling the parts; making a slight repair, replacement or adjustment; or inserting a clip or magazine. Annot., 28 A.L.R. 3d 845, 863 (1969); *People v. Guyette* (1964), 231 Cal. App. 2d 460, 41 Cal. Rptr. 875; *Commonwealth v. Colton* (1956), 333 Mass. 607, 132 N.E.2d 398; and *Commonwealth v. Bartholomew* (1950), 326 Mass. 218, 93 N.E.2d 551.

Defendant also contends that he received inadequate legal representation, asserting that incompetence was shown by his counsel's failure to advise defendant of the necessity to move to vacate the guilty plea and by the failure to raise the defense of disassembly.

■■ We do not believe that incompetent representation is shown by the failure to advise defendant regarding the motion to vacate, and since we have heard the merits of defendant's appeal, no prejudice is shown. As we have determined, the plain language of the statute does not permit

disassembly as a defense in this case. Incompetence certainly cannot be premised on the failure to raise a nonexistent defense.

Defendant lastly contends that the trial court's denial of probation and imposition of a term of imprisonment is arbitrary and constitutes an abuse of discretion.

■■ Here, the trial court noted that defendant had a record of convictions for several minor offenses and had committed some of these offenses while serving probation for a previous offense. The trial court determined that in view of this record and the nature of the present offense, probation was inappropriate and, accordingly, imposed the minimum term of imprisonment. Under the applicable standard of review (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168), we do not believe that this determination was arbitrary or an abuse of discretion. See also *People v. Gangloff* (3d Dist. 1976), 36 Ill. App. 3d 513, 343 N.E.2d 926.

Accordingly, the judgment of conviction of the Circuit Court of Tazewell County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.