NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210282-U

NO. 4-21-0282

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MICHAEL JAVON BLACK, | ) | No. 18CF1292 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding (1) the trial court did not fail to consider
relevant mitigating factors in sentencing defendant and (2) defense counsel
strictly complied with Rule 604(d).

¶ 2    Defendant, Michael Javon Black, appeals from his convictions for (1) aggravated

driving under the influence while he did not possess a valid driver's license and (2) driving while

his driver's license was revoked or suspended (subsequent offense). Defendant argues his

sentence is excessive and his defense counsel failed to comply with the requirements of Illinois

Supreme Court Rule 604(d) (eff. Jul. 1, 2017). We affirm.

¶ 3                                I. BACKGROUND

¶ 4    In December 2018, the State charged defendant by indictment with aggravated

driving under the influence while he did not possess a valid driver's license, a Class 4 felony

(625 ILCS 5/11-501(d)(1)(H) (West 2016)) (count I), and driving while his license was revoked

or suspended, subsequent offense, a Class 4 felony (*id.* § 6-303(a), (d-3)) (count II). On March 5, 2020, defendant entered into an "open" plea agreement with the State. The court confirmed defendant sought a drug court disposition, and the State dismissed three other charges pending against defendant. The State provided the following factual basis for the plea:

> "If this were to proceed to trial the State would provide sufficient evidence to show that on November 25th of 2018 officers from ISU PD make [*sic*] contact with a vehicle after initiating a traffic stop for numer[o]us [Illinois Vehicle Code] violations. Upon making contact officers noticed an intense order [*sic*] of an alcoholic beverage coming from the vehicle. The driver who was identified as the defendant *** had difficulty getting out of the vehicle, and had to use the car door for balance.
>
> Upon contact with the defendant officers noticed the odor of an alcoholic beverage coming from his breath. The defendant submitted to two of the standard field sobriety tests which were indicative of impairment, that being the HGN and the one-leg stand. He was unable to complete the walk-and-turn. He refused a breath sample.
>
> After being given [warnings pursuant to] *Miranda*[ *v. Arizona*, 384 U.S. 436 (1966),] the defendant admitted to drinking vodka and beer that evening stating that he was under the influence while he was talking to the officers. According to the abstracts from the Secretary of State the defendant has never been issued a driver's license, however, his privilege to drive was suspended for statutory summary suspension, he had prior convictions based on that statutory summary suspension in 2006, 2010, 2012 and 2014."

The circuit court admonished defendant of the rights he was giving up by pleading guilty and found defendant's plea to be knowing and voluntary.

¶ 5 At defendant's sentencing hearing, the State recommended a sentence of four years in prison. The State emphasized defendant's prior criminal history, specifically noting the convictions in this case were defendant's eleventh and twelfth felony offenses and defendant's previous involvement with the Gangster Disciples street gang. The State further discussed defendant's "extensive" history of substance abuse, indicating that although he completed a treatment program at Chestnut Health Systems (Chestnut) while out on bond, his participation was "minimal" and he tested positive for alcohol and fentanyl during treatment. Additionally, while defendant was screened for participation in drug court at the beginning of this case, the presentence investigation report (PSI) indicated he was "no longer interested in participating," which the State argued "sp[oke] volumes." Finally, defendant did not participate in any programs offered by the Department of Corrections.

¶ 6 Defendant argued for a community-based sentence. Addressing the State's argument regarding defendant's disinterest in drug court, defense counsel explained defendant did, in fact, want to participate in substance abuse treatment as part of a community-based sentence. Defendant also noted that following his positive drug screen while being treated at Chestnut, defendant "made significant improvement" in the program, and his prognosis upon his ultimate completion was good. Further, Nicole Ersland, an assessment clinician at Chestnut, opined defendant would benefit from additional outpatient treatment for alcohol use disorder, moral recognition therapy, and medication-assisted treatment. Defendant had two children he supported and had been employed sporadically, although he was employed consistently prior to his arrest and could potentially return to that job if he received a community-based sentence.

¶ 7 Defendant made a statement in allocution. He emphasized his completion of treatment at Chestnut, noting that despite a "rocky" time there, he "didn't give up." He also emphasized his employment as a barber in McLean County, which allowed him to support his family.

¶ 8 The court sentenced defendant to concurrent terms of five years in prison on both counts. In pronouncing its sentence, the court stated it had considered the PSI, the arguments and recommendations of the parties, defendant's statement in allocution, and the applicable statutory factors in aggravation and mitigation. The court accepted defense counsel's statements regarding defendant's completion of treatment and employment. The court then detailed defendant's extensive criminal history, stating, "[D]efendant's prior record is as bad as any I've seen," and highlighting his failure to comply with the terms of community-based sentences he had received in the past. The court identified the various times throughout the pendency of the case where defendant either failed to appear or having appeared, left the courthouse before his case was heard, or left after being ordered to obtain a drug screen. In almost every instance defendant was arrested on a warrant to secure his presence. The court found the chance was "slim to none that [defendant] would successfully complete a period of probation based on the history," and a community-based sentence in this case would deprecate the seriousness of the offenses and would be inconsistent with the ends of justice.

¶ 9 Defendant filed a motion to reconsider his sentence, which the trial court denied after a December 2020 hearing. A notice of appeal was filed on January 4, 2021, and on the same date, defendant *pro se* filed a motion to withdraw his guilty plea, alleging two bases for withdrawal: (1) he was actually innocent of the charges and (2) his plea was based on "incompetent, inaccurate, and untrue information" from his defense counsel.

¶ 10      On appeal, this court remanded the case for compliance with Illinois Supreme

Court Rule 604(d) (eff. Jul. 1, 2017). *People v. Black*, 4-20-0665 (2021) (unpublished summary

order under Illinois Supreme Court Rule 23(c)).

¶ 11      On May 13, 2021, defense counsel filed a certificate pursuant to Rule 604(d),

stating he had (1) consulted with defendant to ascertain his contentions of error in the entry of his

guilty plea and sentence, (2) examined the trial court file and reports of proceedings of the guilty

plea and sentencing hearings, and (3) made any amendments to the motion to reconsider

defendant's sentence necessary for adequate presentation of any defects in those proceedings.

¶ 12      The circuit court held a hearing on April 1, 2021. At the beginning of the hearing,

the following exchange occurred:

> "MR. MCELDOWNEY [(DEFENSE COUNSEL)]: Your Honor, I believe
>
> [defendant] filed in his own capacity on January 4th a motion to withdraw plea. I
>
> suppose—Judge I guess my first question would be whether the court has
>
> intention to conduct a *Krankel* hearing today with respect to allegations raised in
>
> that January 1st filing.
>
> THE COURT: I did intend to address that issue when we are prepared to
>
> do so.
>
> MR. MCELDOWNEY: Understood, Judge. Judge I would be requesting
>
> to proceed on—I apologize, just a moment.
>
> Judge, I guess looking at the text of the motion I do think it's appropriate
>
> to proceed on a motion to withdraw plea. I've not filed one in writing and I can
>
> prepare one right now. ***

THE COURT: Well it's not necessarily my intention to require you to either adopt or amend or have the court consider anything at this point. I mean the case is back here on remand to give you the opportunity to file an amended motion if you choose to do so.

MR. MCELDOWNEY: Judge, after reviewing both the transcripts and speaking with [defendant], I—[defendant] clearly is indicating that he does not believe his waiver was knowing and voluntary. I think it would be appropriate to have a hearing on that motion. The allegations are closely related to those in the *Krankel* inquiry that may occur. The reason that it was not knowing and voluntary is what he is saying is alleged in paragraph two. I think while I don't agree with the assertion and would not be prepared to adopt the assertion in paragraph two, I do think it would be appropriate to give him an opportunity to request the court withdraw his guilty plea, just asserting his waiver was not knowing and voluntary. We would be asking to proceed on that today. I can prepare that motion, if the court would like, to have it down here in five minutes."

¶ 13 The court then decided to first proceed with an inquiry pursuant to *People v. Krankel*, 101 Ill. 2d 181, 464 N.E.2d 1045 (1984), to determine the basis for the allegations of ineffective assistance of counsel contained in defendant's *pro se* motion and whether new counsel should be appointed. Upon hearing from defendant and defense counsel, the court determined defendant's allegations were meritless and stated it would allow defense counsel to file a new or amended postsentencing motion. When asked whether defense counsel intended to do so, the following exchange occurred:

"MR. MCELDOWNEY: If I may, Judge, at this point I wanted to make sure that [defendant] had a chance to air these allegations before the court. At this time, having had a chance to do so, I do not believe I would be adopting his motion as written Your Honor.

THE COURT: And so do you then intend to prepare and file new motions on this case?

MR. MCELDOWNEY: I do not Your Honor. I have provided the court with a 604(d) certificate which I believe was holding up the appellate process and I would like for that to be entered. But I have no intention of filing any further motions."

¶ 14    The court then allowed the parties to proceed with arguments on the November 2020 motion to reconsider defendant's sentence. Following arguments, the court again denied the motion.

¶ 15    This appeal followed.

¶ 16                                 II. ANALYSIS

¶ 17    On appeal, defendant argues his concurrent five-year sentences are excessive and his defense counsel failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. Jul. 1, 2017). We address each of these arguments in turn.

¶ 18                            A. Excessive Sentence

¶ 19    We first address defendant's argument his five-year prison sentences were excessive because the circuit court failed to consider relevant mitigating evidence. Specifically, defendant argues the trial court emphasized the factors in aggravation while ignoring his (1) completion of treatment at Chestnut and subsequent negative drug screenings, (2) Alcoholics

Anonymous attendance, (3) consistent employment prior to his incarceration, and (4) jobs obtained while incarcerated. Defendant acknowledges that he has forfeited this issue by failing to raise this argument in his motion to reconsider his sentence but asks this court to review the issue for plain error. The State responds the court considered appropriate factors in aggravation and mitigation and its sentencing decision was proper. We agree with the State.

¶ 20                                   1. *Plain Error Review*

¶ 21          In order to preserve a sentencing issue for appellate review, the defendant must both make a contemporaneous objection and raise the issue in a postsentencing motion. See *People v. Hestand*, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005). However, this court may review unpreserved issues under the plain error doctrine, which we have explained as follows:

                 "The plain-error doctrine allows a court to disregard a defendant's

          forfeiture and consider unpreserved error in two instances:

                 '(1) where a clear or obvious error occurred and the evidence is so closely

          balanced that the error alone threatened to tip the scales of justice against the

          defendant, regardless of the seriousness of the error and (2) where a clear or

          obvious error occurred and that error is so serious that it affected the fairness of

          the defendant's trial and challenged the integrity of the judicial process.'

          [Citation.]

                 Under both prongs of the plain-error analysis, the burden of persuasion

          remains with the defendant. [Citation.] As the first step in the analysis, we must

          determine whether any error occurred at all. [Citation.] 'If error did occur, we

          then consider whether either prong of the plain-error doctrine has been satisfied.'

[Citation.]" *People v. Matthews*, 2017 IL App (4th) 150911, ¶¶ 16-17, 93 N.E.3d 597.

¶ 22                    2. *Failure to Consider Mitigating Evidence*

¶ 23          As stated above, we begin our plain-error analysis by determining whether the error alleged by defendant occurred—*i.e.*, whether the circuit court failed to consider relevant mitigating evidence when sentencing defendant.

¶ 24          The trial court has broad discretion in imposing a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448, 841 N.E.2d 889, 912 (2005). This court will not reverse a trial court's sentencing determination absent an abuse of discretion. *People v. Brown*, 2019 IL App (5th) 160329, ¶ 18, 145 N.E.3d 486. " 'In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed.' " *Hestand*, 362 Ill. App. 3d at 281 (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001)). Additionally, "[w]hen imposing a sentence, the trial court must consider statutory factors in mitigation and aggravation, but the court need not recite and assign a value to each factor it has considered." *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494. "The weight to be accorded each factor in aggravation and mitigation in setting a sentence of imprisonment depends on the circumstances of each case." *People v. Hernandez*, 204 Ill. App. 3d 732, 740, 562 N.E.2d 219, 225 (1990). On review, this court presumes the trial court considered any mitigating evidence before it, and it is the defendant's burden to show it did not. *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶¶ 42-43, 2 N.E.3d 333.

¶ 25          When a sentence falls within the statutory range of sentences possible for a particular offense, it is presumed not to be arbitrary. *People v. Moore*, 41 Ill. App. 3d 3, 4, 353

N.E.2d 191, 192 (1976). "An abuse of discretion will not be found unless the court's sentencing decision is 'fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it.' " *People v. Lawson*, 2018 IL App (4th) 170105, ¶ 28, 102 N.E.3d 761 (quoting *People v. Ramos*, 353 Ill. App. 3d 133, 137, 817 N.E.2d 1110, 1115 (2004)). An abuse of discretion will also be found "where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010) (quoting *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000)).

¶ 26                                      3. *This Case*

¶ 27           In this case, defendant was sentenced to concurrent terms of five years in prison for both offenses, which were Class 4 felonies, and defendant was found to be extended-term eligible. The Unified Code of Corrections provides, "The sentence of imprisonment shall be a determinate sentence of not less than one year and not more than 3 years. The sentence of imprisonment for an extended-term Class 4 felony, as provided in Section 5-8-2 (730 ILCS 5/5-8-2), shall be a term not less than 3 years and not more than 6 years." 730 ILCS 5/5-4.5-45(a) (West 2016); see also *id.* § 5-8-2. Because defendant's five-year sentences fall within the applicable statutory range, they are presumed not to be arbitrary, and we will not disturb the circuit court's judgment unless we find they are greatly at variance with the spirit and purpose of the law.

¶ 28           Here, defendant has presented no evidence the court failed to consider the applicable factors in mitigation. In pronouncing its sentence, the court specifically stated it had considered the PSI, the arguments and recommendations of the parties, defendant's statement in allocution, and all the statutory factors in aggravation and mitigation. Contrary to defendant's

assertion, the court specifically stated it considered and accepted both defendant's ultimate successful completion of treatment at Chestnut, as well as his employment. The remaining factors defendant alleges the court failed to consider—*i.e.*, participation in Alcoholics Anonymous and jobs obtained while in prison—were encapsulated within the PSI and defendant's statement in allocution, both of which the court stated it had considered. Defendant points to nothing in the record indicating the court affirmatively refused to consider or ignored the applicable mitigating evidence. Accordingly, defendant has not met his burden to show the court failed to consider relevant evidence in mitigation. We conclude the court's sentencing decision—which was within the applicable statutory range—was not greatly at variance with the spirit of the law and did not constitute an abuse of discretion. Because we find no error occurred, we need not go further in our plain-error analysis.

¶ 29                                B. Rule 604(d) Compliance

¶ 30        Defendant next argues this case should be remanded because defense counsel again failed to comply with Rule 604(d). Specifically, defendant argues the record rebuts the presumption defense counsel complied with his duty to make any amendments to defendant's *pro se* motion necessary for the adequate presentation of his claims because defense counsel stated he would neither adopt defendant's motion nor amend it. The State responds defense counsel strictly complied with Rule 604(d) and no remand is necessary. We agree with the State.

¶ 31        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. The purpose of the rule " 'is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and

dehors the record, but nevertheless were unwittingly given sanction in the courtroom.' " *Id.* ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104, 529 N.E.2d 218, 221-22 (1988)). Moreover, the rule " 'enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " *Id.* ¶ 10 (quoting *People v. Shirley*, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1191 (1998)).

¶ 32    Our supreme court has held strict compliance with Rule 604(d) is required, and counsel's failure to strictly comply requires remand to the trial court. *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). Normally, we will not spend time searching a record to ascertain counsel's compliance unless the record undermines the certificate. See *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. However, even where counsel has filed a facially valid certificate, courts "may consult the record to determine whether [he or] she actually fulfilled [his or] her obligations under Rule 604(d)." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8, 87 N.E.3d 441. This court reviews whether defense counsel complied with Rule 604(d) *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 33    Here, we find defense counsel's statement he would not adopt or amend defendant's *pro se* motion or file a new motion does not rebut the presumption he complied with Rule 604(d). We first note that "[p]ostplea counsel is not obligated under Rule 604(d) to adopt just any *pro se* allegation." *People v. Diaz*, 2021 IL App (2d) 191040, ¶ 26. The record shows that counsel was not willing to adopt defendant's motion exactly as written. Counsel explained which allegations he was willing to adopt or amend; specifically, he was willing to amend the motion to argue that defendant's plea was not knowing and voluntary. Because the claim defense counsel *was* willing to make was also related to defendant's claim of ineffective assistance, the

trial court proceeded with the *Krankel* inquiry first. Additionally, prior to conducting the *Krankel* inquiry, the court stated that it was not requiring counsel to adopt or amend defendant's motion but rather offering counsel the opportunity to do so if he so chose. Once the court had performed the *Krankel* inquiry and rejected the ineffective assistance claim, any argument defendant's plea was not knowing and voluntary would have been futile, as it was based on facts which the court had already rejected: defendant's allegation he received "incompetent, inaccurate, and untrue information and advice [from] court-appointed counsel."

¶ 34        Although we agree defendant's innocence claim was not addressed, it is clear that defense counsel's unwillingness to adopt this claim as grounds for withdrawal of defendant's guilty plea was based on his opinion it similarly lacked merit—a conclusion clearly supported by the record. The basis of defendant's charges arose from observations of the arresting officer at the scene of a traffic stop, multiple failed field sobriety tests, both the smell of alcoholic beverages and defendant's admission to drinking both vodka and beer prior to being stopped and acknowledgement he was under the influence. In addition, defendant's driving abstract revealed even though he had never been issued a driver's license, his privilege to drive had been statutorily suspended four times. Here, the record failed to support defendant's innocence claim and counsel had no obligation to raise it. Meritless legal claims are not "necessary" amendments for purposes of Rule 604(d). Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Accordingly, we conclude defendant has not rebutted the presumption of compliance and no remand is necessary.

¶ 35                                III. CONCLUSION

¶ 36        For the reasons stated, we affirm the trial court's judgment.

¶ 37        Affirmed.