NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210522-U

NO. 4-21-0522

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 19, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| PERRY E. HAMPTON, | ) | No. 09CF1903 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam M. Dill, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as
             appellate counsel and affirm the trial court's judgment finding no meritorious
             claims can be raised on appeal.

¶ 2         This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw as counsel on the grounds no meritorious issue can be raised on appeal. We

grant OSAD's motion and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4         This court has set forth the underlying facts of this case several times. See *People

v. Hampton*, 2022 IL App (4th) 200606-U; *People v. Hampton*, 2018 IL App (4th) 160133-U;

*People v. Hampton*, 2016 IL App (4th) 140489-U; *People v. Hampton*, 2014 IL App (4th)

120527-U; *People v. Hampton*, 2012 IL App (4th) 100219-U; *People v. Hampton*, 2011 IL App

(4th) 100219, 959 N.E.2d 1158. Accordingly, we will set forth only those facts necessary to resolve the issues presented in this case.

¶ 5        In February 2010, a jury found defendant, Perry E. Hampton, guilty of residential burglary (720 ILCS 5/19-3 (West 2008)). The trial court sentenced defendant to 29 years' imprisonment.

¶ 6        While awaiting sentencing, the State charged defendant with one count of aggravated battery (720 ILCS 5/12-4(b)(18) (West 2008)) in Champaign County case No. 10-CF-222. A jury found defendant guilty. The trial court sentenced defendant to eight years' imprisonment, to run mandatorily consecutive to defendant's sentence for residential burglary.

¶ 7        On direct appeal from his residential burglary conviction, defendant argued (1) the trial court erred in setting restitution, (2) the court improperly imposed a DNA analysis fee, and (3) he was entitled to credit against his fines. This court agreed with defendant's second and third claims but otherwise affirmed defendant's conviction and sentence. *Hampton*, 2012 IL App (4th) 100219-U.

¶ 8        In March 2011, while his direct appeal was pending, defendant filed *pro se* a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Defendant argued (1) the State failed to produce a recording of the 911 call from the victim and (2) his attorney was ineffective for failing to present as evidence exculpatory statements he made to police. The trial court dismissed the petition on the State's motion, finding defendant's petition as both legally and factually insufficient.

¶ 9        In February 2012, while his direct appeal was still pending, defendant filed *pro se* a petition pursuant to the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). In his petition, defendant argued 13 grounds for relief. Relevant to this

appeal, defendant argued (1) misapplication of the accountability statute; (2) ineffective assistance of counsel where counsel (a) failed to present as evidence the recording of the 911 call from the victim and (b) failed to present as evidence a "time frame chart"; (3) prosecutorial misconduct where the prosecutor (a) emphasized the victim's perjured testimony and (b) knowingly allowed the victim's perjured testimony; and (4) the trial court erred in not providing the jurors with a transcript of defendant's trial testimony. The court summarily dismissed defendant's petition as frivolous and patently without merit in a written order. This court affirmed the dismissal of defendant' postconviction petition. *Hampton*, 2014 IL App (4th) 120527-U.

¶ 10 In November 2013, while his appeal from the summary dismissal of his postconviction petition was pending, defendant filed *pro se* his second section 2-1401 petition. The trial court denied defendant's petition. After an initial summary remand (*People v. Hampton*, No. 4-13-1055 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c))), this court affirmed the denial of defendant's second section 2-1401 petition (*Hampton*, 2016 IL App (4th) 140489-U).

¶ 11 While his appeal from the dismissal of his second section 2-1401 petition was pending, defendant, in September 2015, filed *pro se* a third section 2-1401 petition. Defendant argued, in relevant part, his conviction and sentence were void and plain error occurred when, (1) the jury was instructed on residential burglary as a lesser-included offense of armed violence and the evidence was insufficient, (2) the jury instructions failed to include language that mere presence is insufficient to prove accountability, (3) the jury was instructed on accountability when defendant was not proven guilty beyond a reasonable doubt, (4) his trial counsel failed to admit 911 tapes into evidence and cross-examine a police officer concerning an exculpatory

statement, (5) his trial counsel failed to enter a time-frame chart into evidence, (6) the prosecutor committed misconduct by arguing misleading facts and evidence, and (7) the court refused the jury's request to see a transcript of defendant's trial testimony. The trial court dismissed defendant's third section 2-1401 petition as untimely. The court further found, even if it considered the claims raised in the petition on their merits, the claims were factually and legally insufficient, frivolous, and patently without merit. Defendant appealed and this court affirmed. *Hampton*, 2018 IL App (4th) 160133-U.

¶ 12    In October 2019, the Cook County circuit court entered an order granting defendant a certificate of innocence in Cook County case No. 06-CR-04579. In light of the change in defendant's criminal history, defendant filed *pro se* a second postconviction petition, and the trial court vacated defendant's sentences and set the matter for resentencing in this case and Champaign County case No. 10-CF-222. In November 2020, the court resentenced defendant to 22 years' imprisonment for residential burglary and a consecutive 6 years' imprisonment for aggravated battery, for an aggregate 28-year sentence. Defendant appealed his resentencing, and this court affirmed. *Hampton*, 2022 IL App (4th) 200606-U.

¶ 13    In December 2020, while his appeal from his resentencing was pending, defendant filed *pro se* a motion for leave to file a successive postconviction petition, which included his proposed third postconviction petition. In March 2021, the trial court granted defendant leave to file his petition and determined it was not a successive petition as it was filed after resentencing.

¶ 14    In June 2021, defendant filed the current amended petition, adopting the claims from his proposed third postconviction petition. In his petition, defendant argued (1) "actual innocence" due to insufficient evidence and the misapplication of the accountability statute and

jury instructions, (2) ineffective assistance of counsel for failing to present the 911 recording and cross-examine a police officer concerning an exculpatory statement, (3) ineffective assistance of counsel for failing to present a proper "time line" to the jury, (4) prosecutorial misconduct for improper use of perjured testimony, and (5) the trial court erred by refusing to have transcripts of defendant's trial testimony sent to the jury. Defendant further argued ineffective assistance of appellate counsel for failing to raise these issues on appeal.

¶ 15    In August 2021, the trial court dismissed defendant postconviction petition as frivolous and patently without merit. The court found the first five of defendant's claims raised in the petition were barred by *res judicata*. As to defendant's final claim of ineffective assistance of appellate counsel, the court determined, adopting the prior analysis of the trial court and this court, defendant's claims were without merit and appellate counsel was not ineffective for failing to raise meritless claims. Finally, the court found defendant's "vague claim of 'actual innocence' " was insufficient to trigger an actual innocence analysis.

¶ 16    Defendant appealed the trial court's dismissal of his postconviction petition, and OSAD was appointed to represent him on appeal. In January 2022, OSAD moved to withdraw as counsel on appeal. We granted defendant leave to file a response to OSAD's motion on or before February 16, 2022. Defendant has not done so.

¶ 17                                    II. ANALYSIS

¶ 18    OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition at the first stage. We agree.

¶ 19    The Postconviction Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010).

Proceedings under the act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. Once a defendant files a petition for postconviction relief, the trial court may, during the first stage of proceedings, enter a dismissal order within 90 days if it finds the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). "A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim." (Internal quotation marks omitted.) *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). We review the trial court's summary dismissal of a postconviction petition *de novo*. *Id.* at 247.

¶ 20                                        A. *Res Judicata*

¶ 21            First, OSAD contends it can make no meritorious argument on appeal as to the majority of defendant's claims as the claims are barred by the doctrine of *res judicata*. We agree.

¶ 22            "The purpose of a post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. Harris*, 206 Ill. 2d 1, 12, 794 N.E.2d 314, 323 (2002). Issues adjudicated on direct appeal or a previous collateral proceeding are barred by *res judicata*, and issues that could have been raised but were not are forfeited. *People v. Tate*, 2012 IL 112214, ¶ 8, 980 N.E.2d 1100. "A defendant cannot avoid the bar of *res judicata* by simply rephrasing issues previously addressed." *People v. Palmer*, 352 Ill. App. 3d 877, 884, 817 N.E.2d 129, 136 (2004).

¶ 23            In this case, defendant has raised most of his claims in prior proceedings. Defendant raised his claims on insufficiency of the evidence and improper jury instructions in his 2015 section 2-1401 petition. He raised his claims of ineffective assistance related to the 911

- 6 -

recordings and "time frame chart" in his 2012 postconviction petition and 2015 section 2-1401 petition. Defendant's other ineffective assistance of trial counsel claim related to cross-examination was also raised in his 2015 section 2-1401 petition. Defendant raised his prosecutorial misconduct claims in his 2012 postconviction petition and 2015 section 2-1401 petition. Finally, defendant's argument the trial court erred by failing to provide the jury with the transcript of his trial testimony was also raised in his 2012 postconviction petition and 2015 section 2-1401 petition. All of these claims have been raised, denied, and their denial affirmed on appeal. See *Hampton*, 2018 IL App (4th) 160133-U; *Hampton*, 2014 IL App (4th) 120527-U. Thus, defendant's claims are barred by *res judicata*, and any argument on appeal otherwise would be meritless.

¶ 24                                    B. Ineffective Assistance of Appellate Counsel

¶ 25             As to defendant's final claim, OSAD contends it can make no meritorious argument defendant received ineffective assistance of appellate counsel. We agree.

¶ 26             "Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel." *People v. Childress*, 191 Ill. 2d 168, 175, 730 N.E.2d 32, 36 (2000). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues that, in counsel's judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Little*, 335 Ill. App. 3d 1046, 1054, 782 N.E.2d 957, 965 (2003).

"Accordingly, unless the underlying issues are meritorious, the defendant suffers no prejudice from counsel's failure to raise them on appeal." *Id.*

¶ 27　　　　As the circuit court and this court determined in defendant's prior attempts, all of defendant's claims are frivolous and patently without merit. See *Hampton*, 2018 IL App (4th) 160133-U; *Hampton*, 2014 IL App (4th) 120527-U. Defendant's attempt to reframe his claims as ineffective assistance of appellate counsel does not alter our prior determinations. Defendant was not prejudiced by appellate counsel's failure to bring his meritless claims, and any argument otherwise would be without merit.

¶ 28　　　　　　　　　　C. Summary Dismissal Procedure

¶ 29　　　　Finally, OSAD contends it can make no meritorious argument the trial court procedurally erred in summarily dismissing defendant's postconviction petition at the first stage. We agree.

¶ 30　　　　Section 122-2.1 of the Act provides, "[w]ithin 90 days after the filing and docketing of each [postconviction] petition, the court shall examine such petition and enter an order thereon," and if "the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order." 725 ILCS 5/122-2.1(a)(2) (West 2020). When a defendant files an amended postconviction petition, the 90-day period in which the court must examine the defendant's petition and enter an order thereon is calculated from the filing of the amended petition. *People v. Watson*, 187 Ill. 2d 448, 451, 719 N.E.2d 719, 720 (1999).

¶ 31　　　　On December 14, 2020, defendant filed his motion for leave to file a successive postconviction petition. On March 3, 2020, the trial court granted defendant leave to file his petition, but the court also informed defendant it would be an initial, rather than successive, petition due to his resentencing. On June 1, 2021, 90 days after the court granted defendant leave

to file his postconviction petition, defendant filed his motion to "Amend[ ] the Face of the Successive Post-Conviction Petition, for the Filing of, Petition for Post-Conviction Relief Pursuant to [the Postconviction Act] Under Actual Innocence." On August 23, 2021, 83 days after defendant filed his amended petition, the court dismissed the petition as frivolous and patently without merit. The court entered its written order within the 90-day period after defendant filed his amended petition. Therefore, there is no meritorious argument the court procedurally erred in summarily dismissing defendant's postconviction petition.

¶ 32                                III. CONCLUSION

¶ 33        For the reasons stated, we agree no meritorious issue can be raised on appeal. We grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 34        Affirmed.